IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **Jane Doe,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Cause No. 3:22-CV-1480 |
| | § |
| **Prashant Kumar Kollipara,** | § |
| | § |
| *Defendant.* | § |

## COMPLAINT

**COMES NOW** Plaintiff Jane Doe,[1] files her Complaint against Defendant Prashant Kumar Kollipara and respectfully alleges the following:

### I.

### PARTIES

1. Plaintiff **Jane Doe** ("Plaintiff") is a resident and citizen of Grand Prairie, Texas.

2. Defendant **Prashant Kumar Kollipara** ("Defendant" or "Kollipara") is a resident and citizen of Alpharetta, Georgia. As pleaded, *infra*, this action is premised on Kollipara's tortious, assaultive conduct directed at Plaintiff, a resident and citizen of Texas, while she was aboard

---

[1] Given the sensitive nature of the allegations in this case, including Plaintiff having been assaulted/touched in a sexual manner by Kollipara, Plaintiff is filing this action under the pseudonym "Jane Doe." Rule 10(a) of the Federal Rules of Civil Procedure requires that a "complaint must name all the parties." "This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Systems, Inc.*, No. 13-5013, 2015 U.S. Dist. LEXIS 178930, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citation omitted). "Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym." *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 U.S. Dist. LEXIS 171779, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014). Per the Fifth Circuit, whether to allow a party to proceed anonymously "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The criminal case involving Kollipara's assaultive misconduct towards Plaintiff utilized pseudonyms in public filings. Kollipara certainly knows the identity of "Jane Doe." In any event, if the Court feels it appropriate or required, Plaintiff will amend and maintain this case under her full name. And Plaintiff will disclose her full name to Kollipara once the case commences and in the appropriate context, including in providing Rule 26 initial disclosures.

1

American Airlines flight 1008 in route from Hartsfield–Jackson Atlanta International Airport to Dallas–Fort Worth International Airport.  The harm Plaintiff suffered due to Kollipara's actions was over Texas, in its air space, at least partially if not entirely.  Further, American Airlines is headquartered in D/FW and, upon information and belief, Kollipara was travelling to D/FW to conduct or transact businesses in or at one of his ventures located in D/FW, Sai Shakti Partners LLC, a Texas limited liability company whose principal office is in Lewisville, Texas.  Therefore, for purposes of the Texas long-arm statute, Kollipara has committed a tort in whole or in part in Texas.  Tex. Civ. Pract. & Rem. Code §17.042(2).  Kollipara thus may be served with summons via substituted service on the Secretary of State of Texas under Tex. Civ. Pract. & Rem. Code §17.044.  **The Secretary of State is respectfully asked, once served, to then forward served this case's summons to Kollipara per the requirements and procedures in Tex. Civ. Pract. & Rem. Code §17.045, and/or according to law, at his address in Georgia: <u>Prashant Kumar Kollipara, 5345 Lacosta Ln., Alpharetta, Georgia 30022-5135.</u>**

## II.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this case.  <u>First</u>, pursuant to federal-question jurisdiction prescribed by 28 U.S.C. §1331(a), as supported by Plaintiff asserting a federal private right of action for damages available under the federal criminal statutes Kollipara has admitted to having violated, in particular 18 U.S.C. § 113(a)(5).  <u>Second</u>, subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a) in that there exists complete diversity of citizenship between Plaintiff (a citizen of Texas) and Kollipara (a citizen of Georgia), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Finally, to the extent such pleading is necessary despite the existence of diversity jurisdiction in addition to

federal-question jurisdiction, the Court has supplemental subject-matter jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367.

4.      The Court has personal jurisdiction over Kollipara since: i) he has already submitted to criminal prosecution in the Northern District of Texas; ii) all or most of the tortious events or omissions alleged occurred in Texas, or were substantially directed at Texas in the sense Kollipara was travelling to Texas to conduct business in Texas at one of his companies; iii) Kollipara assaulted a Texas citizen and resident on a Texas-based airline in route to its own home airport in D/FW; iv) the assault and resultant harm occurred at least partially in or over Texas; and v) this lawsuit and the operative facts thereof, in general, have a substantial connection to Kollipara's contacts with Texas.  In addition, or alternatively, at all times relevant or necessary Kollipara was essentially at home in Texas and/or purposefully established continuous and systematic contacts with Texas far exceeding the requirements of minimum contacts under the Texas Long Arm Statute and the federal constitutional requirements of due process.

5.      Venue of this action is appropriate in this district and division because, given the pleaded conduct of Kollipara in or over Texas and the destination of American Airlines flight 1008 (to land and disembark in Tarrant County, Texas), a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.  28 U.S.C. §1391(b)(2).  In addition, or alternatively, if there is no district in which this action may otherwise be brought, it may be brought in this district and division because Kollipara is subject to the Court's personal jurisdiction with respect to this action.  28 U.S.C. §1391(b)(3).

## III.

## FACTS

6.     On September 26, 2021 Plaintiff boarded and became a passenger on American Airlines flight 1008 which originated in Hartsfield–Jackson Atlanta International Airport (in Fulton County, Georgia) and was destined for Dallas–Fort Worth International Airport, which is mostly located in Tarrant County, Texas.

7.     Kollipara was assigned to sit next to Plaintiff on the flight.

8.     During the flight Kollipara assaulted Plaintiff by continued offensive, unwanted, non-consensual touching, including such touching of an offensive sexual nature directed at Plaintiff. Kollipara's conduct was made all the more frightening and unbearable to Plaintiff due to her having been forced to remain in an enclosed airplane with Kollipara for the entire flight, even after the offensive touching occurred.

9.     Kollipara had engaged in similar such misconduct other times with at least two other passengers on other flights.  In fact, he has been criminally prosecuted in the Northern District of Texas for different in-flight offenses involving three different persons.   One of the three victims is Plaintiff, based on what Kollipara did to her on flight 1008.

10.    Kollipara has recently entered into a plea agreement in the United States District Court for the Northern District of Texas, Case 4:22-cr-00046-BJ, regarding all charged offenses, including those arising from his September 26, 2021 assault of Plaintiff on flight 1008.  (Doc. 14, Plea Agreement)

11.    The offenses involving Plaintiff to which Kollipara pleaded guilty are his violations of 18 U.S.C. § 113(a)(5) and 49 U.S.C. § 46506(1).  *Id*.

12. In pleading to these offenses Kollipara agreed and stipulated to be true certain facts concerning Plaintiff ("DJ" below) contained within a "factual resume" on file in his criminal case, Case 4:22-cr-00046-BJ (Docs. 14, 15). The agreed-to, stipulated facts in relevant part are as follows:

> On or about September 26, 2021, defendant Kollipara and D.J. were seated next to each other on American Airlines Flight 1008, traveling from Hartsfield–Jackson Atlanta International Airport to Dallas–Fort Worth International Airport. While in flight, Kollipara knowingly and intentionally physically touched D.J. without her permission. The physical contact was unwanted and patently offensive in nature, and Kollipara knew of the nature of the physical contact.
>
> All of the foregoing events occurred in the special aircraft jurisdiction of the United States while aboard a civil aircraft in flight transiting to or from the Federal Northern District of Texas.
>
> AGREED AND STIPULATED on this 28th day of January, 2022.
>
> _____     _____
> PRASHANT KUMAR KOLLIPARA             LAWRENCE J. ZIMMERMAN
> Defendant                            Counsel for Defendant

13. Ultimately, Kollipara received via the federal district court's sentencing judgment a punishment of 5 years' probation with certain restrictive conditions, and a $15,000 fine. (Doc. 17, Judgment).

14. Plaintiff has been damaged greatly due to Kollipara's non-consensual, offensive, sexual contact with her on flight 1008. Plaintiff therefore brings the following causes of action against Kollipara seeking both compensatory and punitive damages.

## IV.

## CAUSES OF ACTION

**A.    Violation of 18 U.S.C. § 113(a)(5) – Federal Private Right of Action.**

15.    The allegations set forth in paragraphs 1-14 above are incorporated herein by reference.

16.    Federal courts have determined there exists a private, civil federal right of action for damages afforded by and/or based on conduct that violates 18 U.S.C. § 113. *E.g. Chumney v. Nixon*, 615 F.2d 389 (6th Cir. 1980).

17.    As pleaded, Kollipara has factually and legally admitted, including in a federal guilty plea, to having violated 18 U.S.C. § 113 when he assaulted Plaintiff on flight 1008.

18.    Kollipara's conduct in violating this statute caused or proximately caused immense damages and harm to Plaintiff of the type meant to be compensated by 18 U.S.C. § 113.

19.    Plaintiff is therefore entitled to recovery of damages, as pleaded in further detail below.

**B.    Assault by Offensive Physical Contact (Texas common law).**

20.    The allegations set forth in paragraphs 1-19 above are incorporated herein by reference, and the following allegations are pleaded in addition or alternatively.

21.    Kollipara acted intentionally or knowingly in making contact with Plaintiff's person in the manner pleaded above.

22.    Kollipara knew or reasonably should have believed Plaintiff would regard the contact as offensive or provocative, including since she was forced to remain on an enclosed airplane with Kollipara during the entire flight.

23.    Kollipara's contact, as pleaded, caused injury to Plaintiff, including immense personal indignity and other injuries or damages pleaded below.

**C.      Intentional Infliction of Emotional Distress (Texas common law).**

24. The allegations set forth in paragraphs 1-23 above are incorporated herein by reference, and the following allegations are pleaded in addition or alternatively.

25. Given Kollipara's assaultive conduct as outlined in the prior paragraphs, the fact he engaged in such outrageous conduct knowing Plaintiff could not avoid being on an enclosed airplane with him throughout the flight's duration, and the mental and emotional damage to Plaintiff associated with this conduct, Plaintiff brings a claim for intentional infliction of emotional distress ("IIED").

26. Plaintiff is a person.  This IIED claim is brought by Plaintiff, individually.

27. Plaintiff acted intentionally (including with specific intent) or recklessly in assaulting Plaintiff, as pleaded.

28. The emotional distress in Plaintiff resulting from these events is severe.

29. Kollipara's conduct in assaulting Plaintiff was, at minimum, extreme and outrageous, and occurred throughout the duration of the flight, given the nature of his actions, the confined quarters of the airplane, and Plaintiff being forced to be in Kollipara's proximity during the flight.

30. Kollipara's conduct in assaulting Plaintiff proximately caused her severe mental and emotional damages, including past and future distress of the type no reasonable person of Plaintiff's age and other characteristics could be expected to endure without undergoing unreasonable suffering.

31. No alternative cause of action would provide a sufficient remedy for the severe emotional distress and damage experienced by Plaintiff.

## V.

## MALICE/RECKLESS INDIFFERENCE/GROSS NEGLIGENCE

32. The allegations contained in paragraphs 1-26 above are fully incorporated into this section by reference.

33. Further, the complained-of acts and/or omissions of Kollipara were committed with malice towards Plaintiff in that Kollipara had a specific intent to cause substantial injury or harm to Plaintiff.

34. In addition, or alternatively, the complained-of acts and/or omissions of Kollipara were committed with reckless indifference to the rights of Plaintiff.

35. In addition, or alternatively, the complained-of acts and/or omissions of Kollipara were the result of gross negligence in that such acts or omissions are those:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
>
> (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

## VI.

## COMPENSATORY AND OTHER DAMAGES/RELIEF

36. The allegations contained in paragraphs 1-35 above are fully incorporated into this section by reference.

37. As the result and/or proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe injuries and is entitled to compensation for the following damages, which should be awarded jointly and severally:

    a. Reasonable expenses for necessary medical and/or psychological care or counseling in the past and in the future;

    b. Pain and suffering and mental anguish in the past and future, including that in the form of emotional pain and suffering, inconvenience, and loss of enjoyment of life;

    c. Loss of earning capacity in the past and future.

## VII.

## EXEMPLARY DAMAGES

38. The allegations contained in paragraphs 1-37 above are fully incorporated into this section by reference.

39. Based on having engaged in malicious conduct, conduct borne of reckless indifference, and/or having acted with gross negligence that caused sizeable actual damages to Plaintiff, as pleaded above, Kollipara is liable for punitive damages to the extent allowable by or permitted under Tex. Civ. Pract. & Rem. Code §41.001 *et seq.*, and other applicable Texas laws.

40. Plaintiff thus sues for exemplary or punitive damages.

## VIII.

## CLAIM/ISSUE PRECLUSION

41. The allegations contained in paragraphs 1-40 above are fully incorporated into this section by reference.

42. Plaintiff is entitled to fully avail herself of and asserts any and all issue or claim preclusive effects of Kollipara's guilty plea, as described above, whether assessed under federal claim/issue

preclusion law, or under Texas principles of *res judicata* and/or collateral estoppel.

## IX.

## JURY DEMAND

Plaintiff hereby demands a jury to resolve any and all issues so properly triable.

## X.

## PRAYER

43. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Kollipara be summoned to appear and answer, and on final trial, that Plaintiff has judgment against Kollipara for:

    a.    Actual damages;

    b.    Punitive or exemplary damages;

    c.    Prejudgment and post judgment interest as allowed by law;

    d.    Costs of suit; and

    e.    Any further relief, either in law or equity, to which Plaintiff deems herself entitled and to which she is justly entitled.

Respectfully submitted,

**CROWE ARNOLD & MAJORS, LLP**
6550 Bank of America Plaza, 901 Main Street
Dallas, Texas 75202
Telephone: (214) 231-0555
Facsimile: (214) 231-0556

By: */s/ John W. Arnold*
    JOHN W. ARNOLD
    State Bar No. 00795231
    jarnold@camlawllp.com
    DAVID W. CROWE
    State Bar No. 05164250
    dcrowe@camlawllp.com

**COUNSEL FOR PLAINTIFF JANE DOE**